UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY E. CORRION and
JOHN CORRION,

     Plaintiffs,       Case Number 10-10669
                 Honorable David M. Lawson
v.                  Magistrate Judge Virginia M. Morgan

KAREN CORRION and MONICA
J. COPELAND,

     Defendants.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFFS' OBJECTIONS,
DISMISSING CASE, AND DENYING CERTAIN MOTIONS</u>**

This matter is before the Court on the plaintiffs' objections to a report filed by Magistrate Judge Virginia M. Morgan recommending that the plaintiffs be denied *in forma pauperis* status and the case be dismissed as frivolous under 28 U.S.C. § 1915A. Plaintiff John Corrion is a prisoner in the custody of the Michigan Department of Corrections. Plaintiff Nancy Corrion is his current wife. They have filed a complaint alleging that the defendants, John's ex-wife (Karen Corrion) and her attorney (Monica Copeland) have conspired to violate the plaintiffs' constitutional rights by taking property from the former marital estate and obtaining a judgment against them. The case was referred to Judge Morgan to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(B). Judge Morgan conducted the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and on May 25, 2010, she filed a report recommending that the complaint be dismissed with prejudice. Judge Morgan also noted that the plaintiffs are frequent filers who have abused the federal court system with serial frivolous filings, and she recommended that the Court enjoin them from filing new lawsuits absent permission from the Chief Judge. The plaintiffs filed objections, in addition to

several motions seeking a variety of relief. The Court has reviewed the file, the report and recommendation, and the plaintiffs' objections and has made a *de novo* review of the record. The Court concludes that the plaintiffs' objections lack merit, and the complaint fails to state a redressable claim because it seeks relief from defendants who are not state actors and therefore does not state a valid cause of action. Therefore, the Court will adopt the recommendation, dismiss the case, and deny the plaintiffs' several motions as moot. The Court will decline to issue an injunction barring future lawsuits at this time.

Judge Morgan summarized the nature of the present action in her report and it need not be repeated here. It is enough to observe that the defendants are not state actors, and there is no such allegation in the complaint. The plaintiffs' complaint is based on 42 U.S.C. § 1983, which allows a federal court to grant relief only to those plaintiffs who plead and prove that a person acting under color of state law deprived them of a right secured by the Constitution or laws of the United States. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). Judge Morgan found that no state action was alleged, and consequently the plaintiffs' claims against private citizens are frivolous. She also concluded that part of the complaint challenged a state court divorce judgment, which is not permitted under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

The plaintiffs filed objections to the report and recommendation. The objections assert that the plaintiffs are impoverished and therefore they deserve pauper status; they acknowledge that they have made other filings; they note possible confusion in case numbers with another lawsuit mentioned by Judge Morgan (which since has been dismissed as duplicative); they repeat the factual

allegations describing the alleged wrongful acts of the defendants; and they cite 28 U.S.C. § 1331 as the basis for jurisdiction. The plaintiffs have not addressed the main defect cited by Judge Morgan, however: that no state action by the defendants is alleged.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The plaintiffs' statements about their financial condition have little bearing on the mater presently before the Court. Even if they had paid the filing fee, the Court must screen the case for merit. Under 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 5770 (2007). *Sua sponte* dismissal is appropriate if the prisoner civil rights complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Of course, such pleadings still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's papers are to be construed liberally, *Erickson*, 551 U.S. at 94, "[t]he leniency granted to *pro se* [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

The plaintiffs cite a jurisdictional statute, 28 U.S.C. § 1331, in support of their objections. That statute grants subject matter jurisdiction to federal courts to adjudicate "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiffs' reference to that statute avoids the main criticism leveled at the complaint by Judge Morgan, which is that there can be no federal claim under section 1983 against non-state actors.

It is well recognized, however, that the Constitution protects citizens from infringement of their rights by the government, but not by private parties. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (recognizing that "most rights secured by the Constitution are protected only against infringement by governments") (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974); *Civil Rights Cases*, 109 U.S. 3, 17-18 (1883)). Consequently, to establish liability under section

1983, the plaintiff must prove that the deprivation of rights was caused by a person acting under color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

As Judge Morgan noted, there are exceptions to the state action requirement. Although the Supreme Court has acknowledged that its "cases deciding when private action might be deemed that of the state have not been a model of consistency," *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 632 (1991) (O'Connor, J., dissenting), the exceptions tend to fall into two broad categories: the "public function exception," and the "entanglement exception." *See* Erwin Chemerinsky, *Constitutional Law*, at 552 (3d ed. 2009); *see also Osler ex rel. Osler v. Huron Valley Ambulance Inc.*, 671 F. Supp. 2d 938, 943-45 (E.D. Mich. 2009) (discussing exceptions). The plaintiffs have not pleaded any facts that remotely suggest that any of the exceptions could apply here.

Judge Morgan properly concluded that the complaint is frivolous and ought to be dismissed under 28 U.S.C. § 1915(e)(2)(B) because the plaintiffs have not alleged that the defendants are state actors. It is not necessary, therefore, to address the propriety of the recommendation based on the *Rooker-Feldman* doctrine. Nor does the Court choose to address at this time the suggestion that the plaintiffs be barred from future filings.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #9] is **ADOPTED**.

It is further **ORDERED** that the plaintiffs' objections to the recommendation [dkt #10] are **OVERRULED**.

It is further **ORDERED** that the plaintiffs' motions for a temporary restraining order [dkt #6, 12], and for summary judgment [dkt #11] are **DENIED as moot**.

It is further **ORDERED** that the complaint is **DISMISSED with prejudice**.

                s/David M. Lawson  
                DAVID M. LAWSON  
                United States District Judge

Dated: June 21, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2010.

                s/Teresa Scott-Feijoo  
                TERESA SCOTT-FEIJOO